IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES WILKERSON, a.k.a,
ADONAI EL-SHADDAI,

       Plaintiff,                   No. CIV S-06-1898 FCD EFB P

  vs.

B. WHEELER, et al.,

       Defendants.           ORDER

                           /

       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

       On February 12, 2008, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days from the date the findings and recommendations were served. On February 21, 2008, the United States Postal Service returned the findings and recommendations. On the envelope was a notation that the California Department of Corrections and Rehabilitations could not match the name of plaintiff to the identification number he provided, and therefore would not deliver the document

1

1  to plaintiff.  The Clerk of the Court served the findings and recommendations on plaintiff again
2  on March 14, 2008.  By March 31, 2008, no party had filed objections, and the court adopted the
3  findings and recommendations.  However, on April 5, 2008,[1] plaintiff filed objections.
4  Measuring from March 14, 2008, when the Clerk of the Court served the findings and
5  recommendations a second time, plaintiff had until March 31, 2008, to file objections.  *See* Fed.
6  R. Civ. P. 6(d).  Plaintiff's April 5, 2008, objections are late.  Therefore, the court does not
7  consider them.[2]

8       So ordered.

9  DATED: April 28, 2008.

                    FRANK C. DAMRELL, JR.
                    UNITED STATES DISTRICT JUDGE

---

[1] The court deems the objections filed the date plaintiff delivered them to prison officials to be mailed to this court.  *Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal in habeas action is deemed filed at the moment he delivers it to the prison authorities for forwarding to the clerk of the court); *see also*, *Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995) (prisoner mailbox rule of *Houston* applies to other filings, including those in civil rights actions).

[2] Plaintiff's objections read in full, "Plaintiff make [sic] this objection in order to preserve his right to appeal."  This is insufficient to warrant any change in the March 31, 2008, decision even if  the court were to consider plaintiff's objections.

2