IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADONAI EL-SHADDAI, a.k.a.,
JAMES WILKERSON,

        Plaintiff,                  No. CIV S-06-1898 FCD EFB P

   vs.

B. WHEELER, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

/

      Plaintiff is a prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The action proceeds on the June 13, 2006, complaint in which plaintiff claims that defendants Albonico and Wheeler attacked him and restrained him in retaliation for plaintiff's exercise of his First Amendment rights. Compl., at 2-3. Currently pending before the court is plaintiff's June 11, 2008, motion for a temporary restraining order and a preliminary injunction. The motion had little if anything to do with the allegations of the complaint. He seeks an order prohibiting the defendants from transferring plaintiff to either High Desert State Prison ("SDSP") or the Substance Abuse Treatment Center ("SATC"). For the reasons explained below, the motion must be denied.

////

**I.      Standard for a Temporary Restraining Order**

A temporary restraining order is available to an applicant for a preliminary injunction when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction.  Fed. R. Civ. P. 65(b) (motion for preliminary injunction shall be set for hearing at earliest possible time after entry of temporary restraining order); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974) (temporary restraining order issued in state court expired ten days after action was removed to federal court). The standards for issuing a temporary restraining order are the same as those for a preliminary injunction.  *See* Fed. R. Civ. P. 65(b); *see also Hawaii County Green Party v. Clinton*, 980 F.Supp. 1160, 1163 (D. Hawai'i 1997).  The court addresses the need for an injunction herein and, accordingly, a temporary restraining order pending that ruling is unnecessary.

A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  Therefore, a court will not issue such an order unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).  The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989).  A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted).  "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation.  No chance of success at all will not suffice."

*Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

*E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

**II.    Analysis**

In his motion, plaintiff alleges he appeared before a classification committee on May 23, 2008. Pl.'s Mot. for Prel. Inj., at 3. He believed that he was being considered for a "non-adverse" transfer. *Id.* However, the committee, comprised of individuals who are not parties to this action, recommended plaintiff be transferred from Centinela State Prison to HDSP or SATF.[1] *Id.* Plaintiff alleges that both prisons are designed for and actually house prisoners who pose a much greater security threat than he and that prison officials have documentation showing that he has enemies at both prisons. *Id.*; Pl.'s Decl., at ¶ 4. He alleges that this is an adverse transfer as defined by the applicable regulations. Thus, he argues, it constitutes both retaliation for his having filed a grievance and requested a Kosher diet, and deliberate indifference to his serious medical needs, i.e., diagnostic procedures to rule out cancer. *Id.*, at 3-4. Plaintiff contends that he requires an order prohibiting his transfer because there is no penological basis

---

[1] Plaintiff has notified the court of his new address at SATF. Thus, in order to accommodate plaintiff's request for relief, the court would have to direct prison officials to transfer plaintiff back to Centinela State Prison.

1   for the transfer, he faces a risk of harm both to his health and at the hands of other prisoners if he
2   is transferred.

3     The attachments plaintiff has submitted with his complaint are not helpful to his motion.
4   A written report of the committee hearing shows that Centinela State Prison was undergoing a
5   "mission change," which required the transfer of prisoners whose needs would not be satisfied
6   there. Pl.'s Mot., Ex. A. Since plaintiff was one such prisoner, the committee gave plaintiff a
7   choice of possible facilities. *Id.* Plaintiff insisted on transfer to prisons where he had enemies.
8   *Id.* Thus, prison officials decided that he should be placed, on a non-adverse basis, at either
9   HDSP or SATF. *Id.* Furthermore, plaintiff submits evidence that a fellow prisoner attacked him
10  while they were in the CTC,[2] but he submits no evidence of enemies at HDSP or SATF. Pl.'s
11  Mot., Ex. D. He submits no evidence of his medical condition or that it cannot be
12  accommodated at SATF.

13    Plaintiff has not demonstrated that he is entitled to a preliminary injunction. Insofar as he
14  believes he probably will prevail on the merits, he fails to make a successful showing in this
15  regard. While he recounts the events giving rise to this litigation, plaintiff offers no factual or
16  legal argument about why he likely will prevail. He has not submitted any evidence in support
17  of his claims or demonstrated why the law entitles him to relief. Other than plaintiff's belief that
18  various prison officials routinely engage in retaliation, there is no apparent connection between
19  the allegations of the compliant, i.e. that two guards used excessive force against him in
20  retaliation for his exercise of his First Amendment rights, and the reasons he seeks a preliminary
21  injunction. On the record before the court, it does not appear that either defendant has
22  committed an act or omission that threatens plaintiff with imminent harm. Neither defendant
23  was on the committee that decided to transfer plaintiff. In fact, his allegations against defendants
24  Wheeler and Thompson appear to be wholly unrelated to the reasons he seeks a preliminary

---

[2] It is not clear from the record what "CTC" stands for.

injunction.

Even considering the alternative test for granting the relief he seeks, plaintiff falls short of satisfying the applicable standard. Plaintiff has stated a claim in the complaint and therefore has demonstrated serious questions going to the merits of his case. But in the present motion, it is a matter of speculation whether the injury he alleges will result in the absence of the requested relief. Speculative injury does not justify finding an immediate threat of irreparable harm. *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). In order for a preliminary injunction to issue, there must be a presently existing threat of harm, although injury need not be certain to occur. *FDIC v. Garner*, 125 F.3d 1272, 1279-80 (9th Cir. 1997). Without evidence of a threatened injury that is more than speculative, there is no basis for a finding that the balance of hardships tips sharply in plaintiff's favor. Thus, plaintiff has failed to demonstrate that preliminary injunctive relief is warranted under the applicable standards.

Accordingly, it is hereby recommended that plaintiff's June 11, 2008, motion for a temporary restraining order and preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 28, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE