IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADONAI EL-SHADDAI,

    Plaintiff,                        No. CIV S-06-1898 FCD EFB P

    vs.

B. WHEELER, et al.,

    Defendants.              <u>ORDER</u>

                             /

        Plaintiff is a prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently pending is plaintiff's August 18, 2008, motion to compel discovery. *See* Fed. R. Civ. P. 37(a)(2)(B). For the reasons explained below, the motion is denied.

        This action proceeds on the June 13, 2006, complaint in which plaintiff claims that defendants Albonico and Wheeler attacked him and restrained him in retaliation for plaintiff's exercise of his First Amendment rights and used excessive force in violation of the Eighth Amendment. Compl., at 2-4. In particular, plaintiff alleges that while the law librarian was copying briefs for plaintiff to file in court, defendants Wheeler and Albonico arrived at the law library to escort prisoners to their cells. *Id.*, at 2. Plaintiff asserts that he attempted to explain to defendant Wheeler that he needed a large stapler located in the program office in order to file his briefs, but Wheeler became hostile and refused to take plaintiff to that office. *Id.* Plaintiff

1

alleges that as he wrote down the names of Wheeler and Albonico in order to write an administrative grievance, Wheeler attacked plaintiff. *Id.*, at 3. Plaintiff claims that he assumed a submissive position, but Wheeler and Albonico beat plaintiff. *Id.*

**I. Standards Governing Discovery**

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Information sought need not be admissible at trial if the discovery is reasonably calculated to lead to the discovery of admissible evidence. *Id.* The court may limit discovery if it determines the discovery sought is unreasonably cumulative or obtainable from a more convenient or less expensive source, the party seeking discovery had ample opportunity to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2). A party has a continuing duty to supplement, correct or amend discovery responses if the court so orders or if the party learns the responses were in some material respect incorrect or incomplete and the information has not otherwise been made available to other parties. Fed. R. Civ. P. 26(e)(2).

Any party may request any other party produce for inspection documents including writings, drawings, graphs, charts or data compilations. Fed. R. Civ. P. 34(a). The requesting party must identify the items to be produced and the party upon whom the request is made must make a written response stating that inspection will be permitted as requested, unless the party objects and states the basis therefor. Fed. R. Civ. P. 34(b).

**II. Analysis**

    **A. Request for Production No. 5 (Set One)**

Plaintiff requested that defendants Wheeler and Albonico "[p]roduce any and all documents reporting and investigating the use of force including written statements, original or copies, identifiable as reports of incident Log Number HDSP-FDO-05-0177 made by prison and civilian employees of the Department of Corrections and Rehabilitation, prisoner witnesses, and

"Use of Force Video."

Defendants object on the ground that the request is "overbroad, and therefore is oppressive and unduly burdensome." Defs.' Opp'n, at 2. They also object that it is vague insofar as it referred to "investigating the use of force." *Id.* The party opposing discovery has the burden of showing that discovery should not be allowed, and of clarifying, explaining and supporting its objections. *DirectTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002). Thus, federal courts reject claims of burdensomeness which are not supported by a specific, detailed showing, usually by affidavit, of why weighing the need for discovery against the burden it will impose permits the conclusion that the court should not allow it. *See Natural Resources Defense Council v. Curtis*, 189 F.R.D. 4 (D.D.C.1999). Here, defendants do not substantiate the objection. Furthermore, the objection on the ground of vagueness is not well-taken. The complaint in this action centers on an allegation of a specific incident of excessive use of force, and certainly there is no reason to believe that plaintiff seeks discovery about an unrelated incident. Plaintiff provided the incident report number, which ought to provide any necessary information about when and where the incident occurred and enable defendants to locate any existing videos that are within the scope of discovery. For those reasons defendant's objection is overruled.

However, defendants assert that they produced the report and the videotape[1] associated with it. Thus, notwithstanding the objection, it appears that no further action is necessary with respect to this request and it is denied as moot.

**B. Request for Production No. 1 (Set Two)**

Plaintiff requested that defendants Albonico and Wheeler "[p]roduce any and all documents in as much detail as possible of every investigation conducted by the Department of

---

[1] Plaintiff complains that the video he was permitted to view was of poor quality. Pl.'s Mot. to Comp., at 3. Defendants have submitted evidence that on November 4, 2008, plaintiff was permitted to view a better quality copy of that video. Defs' Supp. Filed November 13, 2008.

3

Corrections and Rehabilitation into the activities and existence of the satanic gang of rogue guards "Green Wall" or "White Lightning."

Defendants object that this request seeks information outside the scope of discovery. They note that the complaint alleges an apparently isolated incident of violence triggered by circumstances immediately preceding the alleged attack. However, the defendants further responded that "without waiving or limiting these objections . . . . [d]efendants have no responsive documents." Defs.' Opp'n, at 3. Accordingly, the motion as to set two is denied.

**III. Conclusion**

For the reasons stated above, it is ORDERED that plaintiff's August 18, 2008, motion to compel is denied.

Dated: February 5, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4