1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADONAI EL-SHADDAI,

        Plaintiff,                 No. CIV S-06-1898 FCD EFB P

    vs.

B. WHEELER, et. al,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Pending before the court are defendants' motion for clarification of the court's prior order directing the parties to file pretrial statements,  plaintiff's motion for an extension of time to file his pretrial statement, and plaintiff's untimely motion to compel the production of his legal materials.

        On March 13, 2009, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment be denied and that plaintiff be given 30 days to file his pretrial statement and defendants then be given 15 days to file their pretrial statement.  Dckt. No. 46.  Plaintiff filed his pretrial statement on April 13, 2009.  Dckt. No. 48.  On November 17, 2009, this court issued an order adopting the findings and recommendations in full, including the recommendation of the timing of the pretrial

1

statements.  Thereafter, defendants filed a motion requesting clarification of the deadline for their pretrial statement.  Dckt. No. 60.  Plaintiff then filed a motion requesting an extension of time to file his pretrial statement.[1]  Dckt. No. 61.  He then filed another copy of his pretrial statement.  Dckt. No. 62.  Defendants then filed their pretrial statement.  Dckt. No. 63.

Defendants state that they seek clarification of the November 17, 2009 order because it did not specify that defendants' statement was to be filed within 15 days *after* plaintiff filed his pretrial statement.  As defendants' request for clarification concedes, the clear import of the order is that their statement was to be filed within 15 days of the filing to the plaintiff's statement.  Moreover, defendants timely filed their pretrial statement within 15 days after plaintiff's filing.  Accordingly, defendants' request for clarification is moot.

On August 27, 2009, well after the discovery cutoff date in this case,[2] plaintiff filed a motion to compel, asking that the court order defendants to produce eleven boxes of his legal materials and special purchase items that he claims are being held by California Substance Abuse Treatment Facility in retaliation for his complaints.  Dckt. No. 56 at 1.  Plaintiff claims that he propounded a request for the documents under Fed. R. Civ. P. 34 on May 21, 2009, but has not received the boxes.  Id.  Defendants filed a brief arguing, in part, that plaintiff's motion could not be granted as a discovery motion because any request for the documents must have been served after the discovery cutoff, and that defendants did not have control over the requested documents.  Dckt. No. 57 at 2-3.

Implicit in plaintiff's motion to compel is the request that the court modify the pretrial scheduling order to allow additional discovery.  That request is denied.  Plaintiff has not shown good cause for such modification.  For the same reasons, plaintiff's motion to compel is denied.

---

[1]  Because plaintiff has already filed his pretrial statement, his request for an extension of time to do so is denied as unnecessary.

[2]  Discovery closed on March 17, 2008.  Dckt. No. 25 at 4.

1      Plaintiff has also filed a reply brief asking the court to construe his motion to

2  compel as a request for injunctive relief.  Dckt. No. 58 at 1-3.  Defendants argue that the court

3  may not grant injunctive relief "because neither the CDCR, SATF, nor any person employed at

4  the SATF is a party to this action."  Defs.' Opp'n at 3.  It is true that a federal court may only

5  issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction

6  over the claim, and may not attempt to determine the rights of persons not before the court.

7  Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983).  But the Federal Rules make it clear

8  that an injunction may bind not only the parties to the action and their officers, agents, servants,

9  employees, and attorneys, but other persons who are in active concert or participation with them.

10  Fed. R. Civ. P. 65(d)(2).  Plaintiff alleges that his property is being withheld from him in

11  retaliation for filing this lawsuit, but fails to specifically or convincingly allege that the person or

12  organization withholding his property is acting in concert with the defendants in this action.

13  Accordingly, the court cannot find that it has jurisdiction to issue an injunction.

14      Moreover, plaintiff's allegations do not meet the standards of preliminary

15  injunctive relief.  The standards for such relief are well established.  To prevail, the moving party

16  must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable

17  harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

18  injunction is in the public interest."  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.

19  2009) (amended on rehearing) (quoting Winter v. Natural Res. Def. Council, Inc., __ U.S. at __,

20  129 S.Ct. at 375).  In cases brought by prisoners involving conditions of confinement, any

21  preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

22  harm the court finds requires preliminary relief, and be the least intrusive means necessary to

23  correct the harm."  18 U.S.C. § 3626(a)(2).

24      Here, plaintiff has failed to make a showing of likely irreparable harm that would

25  justify ordering the prison to return his eleven boxes of paper and his special purchase property.

26  His special purchase property, which appears from his exhibits to be some prayer oils, does not

1    appear to be related to this lawsuit.  <u>See</u> Dckt. No. 58, Exs. A, B.  While some of the eleven

2    boxes of papers may relate to this lawsuit, he does not explain specifically the contents of each

3    of the boxes and precisely how those contents are related to this case.  Without this information,

4    the court cannot fashion a narrowly drawn remedy that extends no further than necessary to

5    correct the harm.

6              Plaintiff states that he "is faced with the possibility that his legal property and

7    special purchase could be lose [sic] or deliberately destroyed the longer prison officials delay the

8    delivery which pose a significant threat of irreparable harm."  <u>Id.</u> at 3.  Plaintiff has not made a

9    significant showing that prison officials will lose or intend to destroy his legal papers.  He has

10   attached two Form 602 appeal slips to his request, dated July 6 and July 26, 2009.  <u>See id.</u>, Ex.

11   C, D.  His appeal slips assert that when he was transferred from one facility to another, his boxes

12   of legal property were not transferred.  He claims that these appeal slips were never answered.

13   Based on this evidence alone, the court cannot conclude that there is a possibility of irreparable

14   harm.

15             Accordingly, it is ORDERED that:

16             1.  Defendants' motion for clarification is denied as moot.

17             2.  Plaintiff's August 27, 2009 motion to compel production of legal property is

18   denied.

19             3.  Plaintiff's motion for a 30-day extension of time to file pretrial statement is

20   denied as unnecessary.

21   Dated: March 29, 2010.

22

23                                          FRANK C. DAMRELL, JR.
                                           UNITED STATES DISTRICT JUDGE
24

25

26

4