1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10   ADONAI EL-SHADDAI,
                                        NO. CIV S-06-1898 KJM EFB
11              Plaintiff,

12        v.                            TRIAL CONFIRMATION ORDER

13   B. WHEELER, et al.,

14              Defendants.
     _____/

15

16        Deputy Attorney General Jaime Ganson appeared on behalf of defendants

17   Wheeler and Albonico ("defendants") and Adonai El-Shaddai ("plaintiff") appeared on his own

18   behalf at the trial confirmation hearing ("TCH"), which took place on July 20, 2011.  After

19   reviewing the Amended Pretrial Order, filed July 27, 2011 and considering the matters raised at

20   the TCH, the court AFFIRMS the Pretrial Order, except as amended in this order, and further

21   ORDERS the following:

22   I.    TRIAL DATE

23        At the TCH, the parties confirmed trial to commence on October 3, 2011, at 9:00

24   a.m. in Courtroom 3.  The parties agreed that a jury of eight is appropriate and that the trial will

25   likely last four days.  Subsequent to agreeing to the October 3, 2011 trial date at the TCH,

26   defendants moved to continue trial to October 17, 2011.  ECF 99.  The court no longer has the

27   October 17, 2011 trial date available; accordingly, defendants' motion to continue the trial is

28   DENIED.

## II.   TRIAL BRIEFS AND STATEMENT OF THE CASE

No later than fourteen days prior to trial, defendants shall file a trial brief and a statement of the case with the court.  In their trial briefs, the parties shall include a summary of points of law, including reasonably anticipated disputes concerning admissibility of evidence, legal arguments, any other information the parties believe is relevant, and citations of authority in support thereof.  In lieu of a statement of the case, the parties may file a joint proposed jury instruction that can be read to the jury in advance of voir dire that explains the nature of the case.

Mr. El-Shaddai submitted his trial brief and exhibits at the trial confirmation hearing.  ECF 98.

## III.   PROPOSED JURY INSTRUCTIONS AND VOIR DIRE QUESTIONS

The parties are informed that the court will prepare a standard set of standard jury instructions and voir dire questions.  As to any instructions counsel desire to offer or proposed voir dire questions, the proposing party shall also submit a sanitized copy in either WordPerfect (strongly preferred) or Microsoft Word format via email to: kjmorders@caed.uscourts.gov. Plaintiff may submit proposed voir dire and jury instructions by mail.

## IV.   WITNESSES AND EVIDENCE

At the trial confirmation hearing, the parties discussed plaintiff's right to examine belt restraints, which defendants plan to offer as an exhibit.  Defendants agree to make the belt restraints available to plaintiff the morning of trial for inspection.  Also, to assist the parties in narrowing the issues they wish to raise in motions in limine, the court informed the parties that while the fact of a felony maybe elicited, the details of the felony conviction and disciplinary record of plaintiff or any witnesses will not be admitted at trial, unless defendant demonstrates a prior conviction or disciplinary infraction involved dishonesty or the making of a false statement.

Plaintiff also renewed his motion for a *Martinez* report at the TCH.  Plaintiff is advised that a *Martinez* report is principally a case management tool under Rule 16 and not a discovery mechanism for litigants.  *See In re Arizona*, 528 F.3d 652 (9th Cir. 2008).  Plaintiff is not entitled to a *Martinez* report.  Plaintiff's claims have been properly screened and the surviving claims are set for trial in the near future.  As such, there is no need to consider ordering

1  the prison to investigate plaintiff's allegations of guard gang membership, which are only

2  tenuously related to his surviving claims.

3          In addition, at the TCH, plaintiff expressed frustration and confusion over the

4  procedures required to issue subpoenas to secure incarcerated witnesses.  The court construes

5  plaintiff's statements as a request for counsel.  Having carefully considered the matter, and

6  reviewed plaintiff's submissions, the court finds that appointment of counsel is warranted.  The

7  court refers the matter to the court's ADR and Pro Bono Coordinator Sujean Park.  Plaintiff is

8  advised that referral to the pro bono coordinator does not entitle plaintiff to counsel; instead,

9  counsel will be appointed only if the court identifies an attorney that is available to represent

10  plaintiff.  In the meantime, the court takes plaintiff's request for subpoenas for his several

11  witnesses under submission.

12  V.    CONCLUSION

13          In sum, the court hereby orders:

14          (1)    The Amended Pretrial Order of July 27, 2011, is confirmed except as set

15                 forth herein;

16          (2)    Defendants' motion for a continuance of the trial date is denied;

17          (3)    Trial by jury will commence on October 3, 2011 at 9:00 a.m.;

18          (4)    The jury will be composed of eight jurors;

19          (5)    Defendants will allow plaintiff to inspect the belt restraints the morning of

20  trial;

21          (6)    The fact of a felony conviction may be elicited, but the details of the

22  felony conviction and disciplinary record of plaintiff or witnesses will not be admitted at trial,

23  unless any prior involved dishonesty or the making of a false statement;

24          (7)    Plaintiff's motion for a *Martinez* report is denied;

25          (8)    Appointment of counsel for plaintiff is referred to ADR and Pro Bono

26  Coordinator Sujean Park; and

27  /////

28  /////

1          (9)     Plaintiff's request for subpoenas for incarcerated witnesses is submitted

2   with an order to issue in the near future.

3   DATED:  August 11, 2011.

4                                                          _____

5                                                          UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28