KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Supervising Deputy Attorney General
JAIME M. GANSON, State Bar No. 230206
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-6421
 Fax: (916) 324-5205
 E-mail: Jaime.Ganson@doj.ca.gov
*Attorneys for Defendants*
*Albonico, Turner, and Wheeler*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **ADONAI EL-SHADDAI,** <br> **aka JAMES WILKERSON,** <br><br> Plaintiff, <br><br> v. <br><br> **B. WHEELER, et al.,** <br><br> Defendants. | 2:06-CV-1898 KJM EFB <br><br> **STIPULATION AND PROTECTIVE ORDER** |

The parties submit the following stipulation and proposed protective order for the Court's consideration.

**STIPULATION AND PROTECTIVE ORDER**

**A. The Confidential Material Subject to this Protective Order.**

The following Confidential Material, responsive to Plaintiff's fourth set of requests for production, Nos. 8, 10, 11, 15, and 18, is the subject of this protective order:

- The May 18, 2005 HDSP D-Facility library log sign in for the library session attended by inmate Wilkerson; and

1

- The May 18, 2005 ducat list for the library session attended by inmate Wilkerson.

**B.  CDCR Treats the Confidential Material as Confidential.**

The California Department of Corrections and Rehabilitation ("CDCR") treats the documents listed above as confidential because disclosure of nonparty inmates' identifying information (including, but not limited to, names, CDCR numbers, and assigned cell numbers) could violate inmates' right to privacy under California law.  *See*  Cal. Civil. Code § 1798.24.  Further, the disclosure of inmates' identifying information presents serious security concerns.  Inmates sometimes use such information to locate, identify, or retaliate against other inmate, for example, to retaliate if an inmate testifies against him or refuses to testify for him.  The disclosure of this information without a protective order would undermine CDCR's ability to protect nonparty inmates' right to privacy and ensure the safety of the inmates in its custody.  Accordingly, a protective order is warranted.

**C.  The Parties' Stipulation.**

Because of its relevance to this action, counsel for Defendants will produce the Confidential Material described above, subject to the notice requirements of California Civil Code Section 1798.24 and this protective order.

The Parties stipulate:

1. Defendants shall conspicuously mark the Confidential Material: "CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER [ATTORNEY ONLY]"

2. The Confidential Material may be disclosed only to Plaintiff's attorneys, CDCR staff, the Defendants in this action, and Defendants' attorneys;

3. The Confidential Material shall not be made public or disclosed to any incarcerated individual, whether or not a party or a witness in this action, for any reason;

4. The Confidential Material shall not be disclosed except as is necessary in connection with *this* litigation, including appeals, and not for any other purpose, or any other litigation;

5. To the extent the Confidential Material is filed with the Court, it will be filed and maintained under seal.  The parties are referred to Local Rule 141 regarding the filing of documents under seal.

6. Plaintiff's counsel shall destroy all copies of the Confidential Material—or return them to the attorney for Defendants—within 5 days of the time it is no longer needed for purposes of this litigation.

7. Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to the Confidential Material in the normal course of their official duties.

8. The provisions of this protective order are without prejudice to the right of any party: (a) to apply to the Court for a further protective order relating to the Confidential Material or any other confidential material relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation; or (c) to object to a discovery request.

The provisions of this order shall remain in full force and effect until further order of this Court.

It is so stipulated.

*/s/ Su-Han Wang*
Su-Han Wang,
Counsel for Plaintiff James Wilkerson

*/s/Jaime M. Ganson*
Jaime Ganson,
Counsel for Defendants
Albonico, Wilkerson, and Wheeler

- - - - - - - - - - - - - - -

The court clarifies, with respect to numbered paragraph C-5 of the parties' stipulation, that the court retains the final authority to determine whether a document filed with the court will be sealed or redacted. With this clarification, and with the understanding the stipulation provides procedures primarily applicable to discovery, it is so **Ordered.**

Dated: June 29, 2015.

_____
UNITED STATES DISTRICT JUDGE