1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ADONAI EL-SHADDAI,                              No.  2:06-cv-1898-KJM-EFB
     aka JAMES WILKERSON,
12
                Plaintiff,
13                                                   ORDER
          v.
14
     B. WHEELER, et al.,
15
16              Defendants.

17

18

19          This is a prisoner civil rights action brought under 42 U.S.C. § 1983 based on

20   allegations of excessive force.  Two years after the action's remand from the appellate court and

21   one year after the parties settled all remaining disputes between them, plaintiff James Wilkerson

22   moves this court to recover "his $455.00 fee for filing the notice of appeal, and $350 filing fee for

23   this complaint for a total of $805.00."  *See* Mot., ECF No. 161; Wilkerson Aff., ECF No. 163.

24   Defendants oppose the motion.  Opp'n, ECF No. 162.  For the reasons discussed below, the court

25   DENIES Wilkerson's motion for costs.

26   /////

27   /////

28   /////

                                                    1

1    I.       BACKGROUND

2              In 2006, the correctional officers named as defendants in this action removed the

3    case from Lassen County Superior Court to the Eastern District of California, and paid the

4    requisite filing fee.  ECF No. 1.  The court granted summary judgment for defendant Turner.

5    Order March 31, 2008, ECF No. 20.  The matter continued to trial against defendants Albonico

6    and Wheeler, both of whom the jury found not guilty.  Verdict, ECF No. 129.  Wilkerson

7    appealed the verdict and certain interlocutory orders.  Not. of Appeal, ECF No. 136.  The Ninth

8    Circuit reversed the judgments as to all three defendants and remanded for a new trial based on

9    prejudicial jury instructions.  *Wilkerson v. Wheeler*, 772 F.3d 834 (9th Cir. 2014).

10             Wilkerson returned to the district court for a new trial with the representation of

11   counsel.  Not. of Appearance, ECF No. 152.  Neither Wilkerson nor his counsel filed a request

12   with the district court for reimbursement of the appellate filing fee at that time.  Nearly a year

13   after the Ninth Circuit mandate issued, the parties resolved "all disputes" between them through a

14   settlement agreement and documented the parties' mutual agreement to "bear [their] own

15   litigation costs."  Ganson Decl. ¶ 3, Ex. A, ECF No. 162.  Wilkerson subsequently filed a

16   stipulation for voluntary dismissal that reiterated his agreement to bear his own litigation costs.

17   Stip. Vol. Dismissal, ECF No. 159 ("Each party shall bear its own litigation costs and attorney's

18   fees.").  The case was closed on November 6, 2015.  ECF No. 160.

19             On December 19, 2016 Wilkerson filed the instant motion to recover "his $455.00

20   fee for filing the notice of appeal, and $350 filing fee for this complaint for a total of $805.00."

21   Mot.  On December 28, 2016, defendants opposed.  Opp'n.  On January 13, 2017, Wilkerson filed

22   an affidavit in support of his motion, contending his "failure to recover his appellate-court filing

23   fee was the result of ineffective assistance of district court counsel."  Aff. at 2.

24   II.      DISCUSSION

25             Federal Rule of Civil Procedure 54(d) authorizes courts to award costs to the

26   "prevailing party" in federal actions.   Additionally, Federal Rule of Appellate Procedure 39(e)(4)

27   permits a party prevailing on appeal to seek reimbursement for the appellate filing fee by filing a

28   motion with the district court.  The timing of such cost awards is governed by Local Rule 292,

1    which requires that any bill of costs be filed within fourteen days after the judgment or order

2    under which the costs may be claimed.  L.R. 292(b).

3            Here, Wilkerson's request for an award of costs is untimely, if not barred by his

4    settlement agreement.  Wilkerson had fourteen days from the remand of his appeal to seek

5    reimbursement of his appellate filing fee.  L.R. 292.  That period expired in December 2014.  *See*

6    *Wilkerson*, 772 F.3d at 834 (opinion filed on November 18, 2014); *see also* ECF No. 151 (USCA

7    mandate docketed on December 15, 2014).  Wilkerson similarly had fourteen days from the

8    resolution of his district court action to seek reimbursement of any district court filing fee.  L.R.

9    292.  That period expired in November 2015.  *See* Stip. Vol. Dismissal (filed on November 5,

10   2015).  Both deadlines passed long before Wilkerson filed the instant motion on December 19,

11   2016.

12           Accordingly, the court finds Wilkerson is not entitled to the costs he seeks, and

13   DENIES his motion for costs as untimely.

14           IT IS SO ORDERED.

15           This resolves ECF Nos. 161 and 163.

16    DATED:  February 8, 2017

17

18   _____
     UNITED STATES DISTRICT JUDGE
19

20

21

22

23

24

25

26

27

28